IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TASLEEM KHAN**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-4575-L** |
| | § | |
| **US FORMS, INC. d/b/a USFI,** | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

Before the court is Defendant US Forms, Inc. D/B/A USFI's Motion for Leave to File its First Amended Answer and Counterclaims (Doc. 12), filed June 17, 2013. Plaintiff opposes the motion. After reviewing the motion, briefing by the parties, the record, and applicable law, the court **grants** Defendant US Forms, Inc. D/B/A USFI's Motion for Leave to File its First Amended Answer and Counterclaims (Doc. 12).

The court's February 8, 2103 Scheduling Order included a deadline to amend pleadings on or before May 9, 2013. Consequently, Defendant's June 17, 2013 motion for leave seeks to revive the pleading deadline that expired on May 9, 2013. Before the court can modify a scheduling order and grant leave to amend a pleading under Rule 15(a) of the Federal Rules of Civil Procedure, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ.

P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id*. at 536. In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. (internal quotation marks, brackets, and citations omitted).

  In support of its motion, Defendant maintains that as a result of discovery conducted in this lawsuit, it learned after the pleading deadline that Plaintiff misused his access to payroll and the duties entrusted to him as Payroll Manager to unlawfully embezzled at least $5,000 from Defendant. Def.'s Mot. 2. Plaintiff disputes Defendant's assertions that he embezzled money and that discovery in this case supports such a claim. Plaintiff further contends that Defendant has failed to establish that the court has jurisdiction over any such claim and he will be prejudiced if Defendant is permitted to amend its pleadings as requested.

  The discovery and dispositive motion deadlines are several month away and the case is not set for trial until May 5, 2014. Moreover, Defendant has provided a reasonable explanation for not seeking leave to amend its pleadings by the May 9, 2013 deadline, and there is no indication that Defendant is seeking to amend its pleadings for purposes of delay. Further, the court determines that it has supplemental jurisdiction over Defendant's proposed counterclaims under 28 U.S.C. § 1367 because it arises from a common nucleus of operative facts with Plaintiff's claims. Specifically,

**Memorandum Opinion and Order – Page 2**

Plaintiff's Title VII and section 1981 claims pertain to his treatment as an employee of Defendant, and Defendant's proposed counterclaims for breach of fiduciary duty, violations of the Texas Theft Liability Act, conversion, and money had and received derive from Plaintiff's conduct while employed by Defendant.[*]

The court therefore concludes that Defendant US Forms, Inc. D/B/A USFI's Motion for Leave to File its First Amended Answer and Counterclaims (Doc. 12) should be and is hereby **granted**. Defendant shall file its amended pleading by **July 19, 2103**.

**It is so ordered** this 16th day of July, 2013.

Sam A. Lindsay
United States District Judge

---

[*] As recently explained by the court in *NatureSweet, Ltd. v. Mastronardi Produce, Ltd.*, No. 3:12-CV-1424-G, 2013 WL 460068, at *4 (N.D. Tex. Feb. 6, 2013):

> The old understanding of counterclaims (prior to the enactment of 28 U.S.C. § 1367 in 1990) was that compulsory counterclaims fell within the court's "ancillary jurisdiction," but that permissive counterclaims required an independent jurisdictional grant. *See Plant*, 598 F.2d at 1359. There does not appear to be universal agreement about the effect of the "supplemental jurisdiction" statute on this old regime, and the Fifth Circuit has not ruled on this question. The Seventh and Second Circuits have held, persuasively in this court's opinion, that it is no longer the case that permissive counterclaims must be supported by independent jurisdiction, as long as they meet the test for supplemental jurisdiction. *See Channell v. Citicorp National Services, Inc.*, 89 F.3d 379, 385 (7th Cir. 1996); *Jones v. Ford Motor Credit Company*, 358 F.3d 205 (2d Cir.2004). These circuit's holdings imply that the "same case or controversy" language in the supplemental jurisdiction statute is not coextensive with the Rule 13 "same transaction or occurrence" language used to determine whether a counterclaim is compulsory. *See Jones*, 358 F.3d at 213. Thus, in the understanding of these circuits, it is possible for the district court to exercise supplemental jurisdiction over a permissive counterclaim. *Id.* n.4.